IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,<br>　　　　　　　　Plaintiffs,<br>　v.<br>DIVINE CEMENT INC., an Illinois corporation,<br>　　　　　　　　Defendant. | Case No. 22 cv 01568<br><br>Judge Kocoras |

## MOTION JUDGMENT IN SUM CERTAIN

Now come Plaintiffs, Chicago & Vicinity Laborers' District Council Pension, Welfare and Retiree Health and Welfare Fund and Catherine Wenskus, (collectively referred to hereinafter as the "Funds"), by and through their attorney, Amy Carollo, and hereby move for an Order of Judgment in Sum Certain against Defendant Divine Cement Inc., ("Company"). In support of this Motion, the Funds state as follows:

1. The Funds filed their Complaint on March 24, 2022, seeking to compel the Company to submit and pay its fringe benefits and dues reports and the corresponding benefits contributions and dues for the period of December 2021 forward. Additionally, the Funds sought payment of accumulated liquidated damages and amounts owed on audits for the periods of March 1, 2016 through December 31, 2017 and January 1, 2018 through December 31, 2019.

2. The Court entered an order of default on July 21, 2022.

3.      Audits of Divine's books and records were conducted for the periods of March 1, 2016 through December 31, 2017 and January 1, 2018 through December 31, 2019. These audits were provided to Divine. The Parties have discussed challenges to both audits.

4.      As set forth in the Affidavit of Mike Christopher, filed contemporaneously herewith and attached hereto as Exhibit C, an audit of the Company's books and records for the period of March 1, 2016 through December 31, 2017 revealed that the Company owes unpaid benefit contributions, union dues, liquidated damages, accumulated liquidated damages, interest, and audit costs. Pursuant to the Agreement and the Funds' respective Agreements and Declarations of Trust, the Funds are entitled to the delinquent contributions, dues, liquidated damages, audit costs, and interest on the late amounts. See Exhibit A, ¶¶ 1-5.

5.      An audit of the Company's books and records for the period of June 4, 2019 through December 31, 2019 revealed that the Company owed unpaid benefit contributions, union dues, liquidated damages, accumulated liquidated damages, interest, and audit costs. Divine paid the contributions and dues associated with this audit but did not pay the corresponding interest, liquidated damages, and audit costs. As set forth in Exhibit A, pursuant to the Agreement and the Funds' respective Agreements and Declarations of Trust, the Funds are entitled to the delinquent liquidated damages, audit costs, and interest on the late amounts. See Exhibit A, ¶¶ 1-4 and 6.

6.      After service, the Company paid the contributions/dues for its December 2021 through February 2021 benefits and dues reports but not the corresponding interest or liquidated damages. See Exhibit A, ¶7.

7.      Pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1132(g)(2), Section 301 of the Labor Management

Relations Act ("LMRA"), as amended, 29 U.S.C. §185, the Agreement, Federal Common Law, and the Funds' respective Agreements and Declarations of Trust, the Funds are entitled to judgment in the amount of $283,530.69 against Divine Cement, as follows:

   a. $25,574.75 in unpaid contributions/dues, interest, liquidated damages, and audit costs on the March 1, 2016 through December 31, 2017 audit (*see* Exhibit A, ¶5);

   b. $9,023.14 in unpaid liquidated damages, interest, and audit costs on the March 1, 2016 through December 31, 2017 audit (*see* Exhibit A, ¶6);

   c. $245,149.30 in unpaid contributions/dues on the Company's March through June 2022 benefits and dues reports, interest, liquidated damages, and accumulated liquidated damages. *See* Exhibit A, ¶7 and

   d. As set forth in the Declaration of Amy Carollo filed contemporaneously herewith and attached hereto as Exhibit B, $3,783.50 in attorneys' fees and costs expended in this matter.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in Plaintiffs' favor and against Defendant Divine Cement Inc. in the amount of $283,530.69, as follows:

   a. for $25,574.75 in unpaid contributions/dues, interest, liquidated damages, and audit costs on the March 1, 2016 through December 31, 2017 audit;

   b. for $9,023.14 in unpaid liquidated damages, interest, and audit costs on the March 1, 2016 through December 31, 2017 audit;

   c. for $245,149.30 in unpaid contributions/dues on the Company's March through June 2022 benefits and dues reports, interest, liquidated damages, and accumulated liquidated damages;

      d.      for $3,783.50 in attorneys' fees and costs expended in this matter; and

      e.      ordering Divine to pay post judgment interest in all amounts due from the date of judgment until the judgment is satisfied.

August 1, 2022

Respectfully submitted,

Laborers' Pension Fund, et al.

By: /s/ Amy Carollo

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that she caused a copy of the foregoing Plaintiffs' Motion for Entry of Order of Default to be served upon the following person via email and U.S. First Class Mail, postage prepaid on this 1st day of August 2022.

Divine Cement Inc.
c/o Lawrence Green, President and Registered Agent
811 Pearson Drive
Joliet, IL 60435
lawrence.green32@yahoo.com